UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| EDDIE DEAN SHELTON, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No. 1:07-cv-182 |
| | ) | *Collier/Lee* |
| BRADLEY COUNTY JUSTICE CENTER, | ) | |
| GABE THOMAS,[1] | ) | |
| | ) | |
| *Defendants.* | ) | |

# **M E M O R A N D U M**

Plaintiff Eddie Dean Shelton ("Plaintiff") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims he was brutally assaulted by a federal inmate and Bradley County Jail staff cleaned the "crime scene," refused to press charges against his assailant, and refused to allow Plaintiff to press charges against his assailant. In addition, although Plaintiff was taken to the hospital after the attack, he claims he has since been denied medical care for the injuries he sustained. In addition, it appears that Plaintiff is alleging Lt. Berger stole a complaint he was preparing on behalf of another inmate. Plaintiff has not specified the amount of compensation he is seeking but presumably he is seeking compensation for pain, suffering, and partial loss of the use of his right eye.

For the reasons explained below the complaint will be **DISMISSED**.

## **I. Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)**

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e).

---

[1] Out of an abundance of caution the Court has included Gabe Thomas as a defendant (Court File No. 1-2, p. 7).

> Furthermore, 28 U.S.C. §§ 1915A and 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted.
>
> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). *See In re Tyler,* 110 F.3d [528], 529-30 [8th Cir. 1997]. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

**II.    Facts**

Plaintiff claims that on March 29, 2007, he was brutally assaulted by his federal cellmate. Plaintiff contends that rather than treating the scene as a "crime scene" jail personnel were "covering it up and destroying the evidence." (Court File No. 1-2, p. 5). Plaintiff was taken to the hospital but, according to him, he has been denied medical care since he has returned from the hospital.

2

Additionally, Plaintiff claims he was preparing a complaint for a fellow inmate but Lt. Berger "stole" the complaint from him, so he was unable to file it.

**III.    Identity of Defendants**

Plaintiff identifies the Bradley County Justice Center ("Justice Center") as the defendant in this case. The Court has added Gabe Thomas ("Thomas") as a defendant out of an abundance of caution since Plaintiff mentioned him as a possible defendant in his complaint (Court File No. 1-2, p. 7). The Court will discuss the defendants individually.

   *A.    Bradley County Justice Center*

Plaintiff has identified the justice center as one of the defendants. The justice center is not a legal entity amenable to being sued under 42 U.S.C. § 1983 but is merely a name assigned to the building which houses inmates. The justice center is not a municipality, but rather, a building in the county and, as such, is not a separate legal entity which can be sued. Therefore, the justice center is not a "person" within the meaning of § 1983. *Seals v. Grainger County Jail*, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983"); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) (county sheriff's department is not a suable entity under § 1983); *Williams v. Baxter*, 536 F. Supp. 13, 16 (E.D. Tenn. 1981) (city police department is not a suable entity under § 1983). Therefore, all claims brought by Plaintiff against the justice center pursuant to 42 U.S.C. § 1983 will be **DISMISSED**.

   *B.    Gabe Thomas*

Plaintiff has not made any claim against Defendant Thomas. The only time Thomas is mentioned in Plaintiff's complaint is in the paragraph discussing that other inmates told Plaintiff

Thomas should be identified as a defendant (Court File No. 1-2, p. 7). Plaintiff does not assert Thomas personally engaged in any unconstitutional conduct; therefore, he has not made a claim against Thomas in his individual capacity. Nor has he made a claim against Thomas in his official capacity as there is no *respondeat superior* liability under § 1983. *See Monnell v. Department of Social Services*, 436 U.S. 658 (1978). Although liability may lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights or one of his subordinates acted pursuant to an official policy or custom for which he is responsible, Plaintiff has made no such allegations in the instant case.

Consequently, because Plaintiff fails to allege any personal involvement on the part of Thomas and does not make any allegations which reveals the presence of the required elements of supervisory liability, Plaintiff has failed to state a constitutional claim against Thomas.

Accordingly, the complaint will be **DISMISSED** in its entirety pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.

A judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**